UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN – MILWAUKEE DIVISION

---

BARBARA J. BAUMANN,
N62W23754 Hickory Drive
Sussex, Wisconsin  53089,

and                           Plaintiff,

XAVIER BECERRA, SECRETARY OF THE UNITED STATES
DEPARTMENT OF HEALTH & HUMAN SERVICES,
A Governmental Agency
U. S. Department of Justice
517 East Wisconsin Avenue
Milwaukee, Wisconsin  53202,

                    Involuntary Plaintiff,
vs.

UNITED STATES OF AMERICA,
Attorney General of the United States
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001,

                    Defendants.

Civil Case No. 2:21-cv-528
Case Type:     Personal Injury

---

**COMPLAINT**

---

**THE PARTIES**

1.     At all times mentioned, the Plaintiff, BARBARA J. BAUMANN, was at the time

of the incident and currently is domiciled at N62 W23754 Hickory Drive, Sussex, Wisconsin

53089.

2.     At all times mentioned, the Involuntary Plaintiff, XAVIER BECERRA,

SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH & HUMAN

SERVICES, is the head of a governmental agency responsible for administering the Medicare

program; that the agent for service for the Involuntary Plaintiff, XAVIER BECERRA,

SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, is the United States Attorneys' Office located at 517 East Wisconsin Avenue, City and County of Milwaukee, State of Wisconsin 53202; that at all times material herein, the Involuntary Plaintiff, XAVIER BECERRA, SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, was the administrator providing monies for health care services provided to the Plaintiff, BARBARA J. BAUMANN, as a result of the injuries said Plaintiff sustained in said accident, and therefore is joined as an Involuntary Plaintiff for the purpose of complying with the provisions of Wis. Stat. § 803.03.

3.      At all times mentioned, the Defendant, UNITED STATES OF AMERICA, is a sovereign government which has consented to suit under the provisions of the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

**JURISDICTION AND VENUE**

4.      Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through three (3) above with the same force and effect as though fully set forth herein.

5.      These claims arise under the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680.

6.      The Court has personal jurisdiction over the Defendant herein pursuant to Rule 4(i)(1)(A)-(C) of the Federal Rules of Civil Procedures.

7.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1402(b) as the plaintiff resides in this district and the acts and omissions complained of occurred in this district.

8.      Pursuant to Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), the Defendant's liability will be determined by the laws of the State of Wisconsin.

2

9.     Pursuant to 28 U.S.C. § 2674, the Defendant's lability in the same manner and to the same extent as provide individuals under like circumstances.

## COMPLIANCE WITH ADMINISTRATIVE CLAIM REQUIREMENT

10.     Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through nine (9) above with the same force and effect as though fully set forth herein.

11.     The Plaintiff, BARBARA J. BAUMANN, has complied with the requirements of 28 U.S.C. 2675 by timely submitting her administrative claim to the Federal Bureau of Investigation. Pursuant to 28 U.S.C. § 2401(b), within two years of the accrual of the Plaintiff, BARBARA J. BAUMANN's claim, more specifically on or about August 7, 2020, the Plaintiff caused a Standard Form-95 "Claim for Damage, Injury, or Death" with particulars to be served, pursuant to 28 U.S.C. §§ 2401(b) and 2675 (c), upon the appropriate agency; namely, the Federal Bureau of Investigation (hereinafter "FBI").

12.     At no time was any notice given that said claim was improper, or the "wrong" agency had received the claim.

13.     On or about March 1, 2021, the FBI sent a letter via certified mail to the Plaintiff's counsel, Gruber Law Offices, LLC, acknowledging receipt of the claim and advising that the Plaintiff would be notified once the processing of the claim had been completed. More than six months has passed since the Plaintiff, BARBARA J. BAUMANN, submitted her claims to the FBI. The FBI has failed to make final disposition of the claim within six months after the Plaintiff's claims were filed and therefore, the claim is deemed a final denial of the claim pursuant to 28 U.S.C. § 2675(a).

## FACTUAL ALLEGATIONS

14.    Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through thirteen (13) above with the same force and effect as though fully set forth herein.

15.    Plaintiff, BARBARA J. BAUMANN, for her cause of action against the Defendant, UNITED STATES OF AMERICA, herein, and states and alleges that:

16.    On or about October 30, 2019, the Plaintiff,  BARBARA J. BAUMANN, was a front seat, right-side passenger in her own personal vehicle wherein the Plaintiff's husband was driving ("Baumann vehicle"). The Baumann vehicle was traveling southbound on Waukesha Avenue in Milwaukee, Wisconsin when they approached the intersection of Waukesha Avenue and Lisbon Road. The Baumann vehicle had a green light and therefore had the right-of-way. Ms. Erin M. Lucker, while in the scope and course of her employment with the Federal Bureau of Investigation, failed to yield right of way at said intersection and made a left turn in front of the Baumann vehicle, resulting in a significant multiple car collision and also resulting in the injuries of the Plaintiff, BARBARA J. BAUMANN.

17.    The aforementioned accident and the injuries resulting therefore were due solely and wholly to Ms. Erin M. Lucker's negligence, carelessness, recklessness, while in the scope and course of her employment with the Federal Bureau of Investigation, in the operation, management, and control of her vehicle; in failing and neglecting to have the vehicle under reasonable and proper control; in failing and neglecting to keep proper lookout upon the roadways; failing and neglecting to follow the rules of the road; in failing and neglecting to yield the vehicle that had the right-of-way on the roadway; in operating the motor vehicle as to cut in front of the Plaintiff's lane of travel and creating an emergency situation of imminent collision; in so operating the motor vehicle so as to cause the same to be in such a position on the roadway

4

as to endanger the safety to other motorists on roadway, and in violating the statutes, ordinances and regulations, of which the Court will take judicial notice.

18.     The aforementioned collision was caused solely by the negligence, gross negligence, carelessness and recklessness of Ms. Erin Lucker while in the scope and course of her employment with the FBI without the Plaintiff in any way contributing thereto.

19.     As a result of Ms. Erin Lucker's recklessness, carelessness, negligence and gross negligence, while in the scope and course of her employment with the FBI, the Defendant, UNITED STATES OF AMERICA, is vicariously liable for all of the injuries sustained by the Plaintiff, BARBARA J. BAUMANN.

20.     As a direct and proximate result of the negligence of Ms. Erin M. Lucker, while in the scope and course of her employment with the FBI, the Defendant, UNITED STATES OF AMERICA, is responsible for the acts of its employees, agents and servant's negligence and the resulting incident wherein the Plaintiff, BARBARA J. BAUMANN, sustained bodily injuries and damage to personal property. That such injuries are of a permanent and temporary nature; that Plaintiff has suffered in the past, and will continue in the future to suffer physical and mental pain and discomfort on account of such bodily injuries; has in the past incurred medical expenses in excess of $66,346.79 and will continue in the future to incur medical expenses on account of such bodily injuries; property damage, and that by reason of said injuries has suffered pain and discomfort in an amount to be determined by a trier of fact.

## CLAIMS FOR RELIEF

21.     Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through twenty (20) above with the same force and effect as though fully set forth herein.

5

22.     The acts and/or omissions on the part of the Defendant and its employees, agents or servants do not fall into the "discretionary function" exception to the Federal Tort Claims Act.

23.     The Defendant violated the application provisions of Wisconsin State Laws.

24.     By reason of the aforementioned collision, the Plaintiff, BARBARA J. BAUMANN, sustained serious and permanent injuries to her body, including but not limited to 8 broken ribs, a fractured sternum as well as trauma to her chest leading to a non-ST-elevation myocardial infarction (heart attack) while in the emergency room on the day of the accident.

25.     By reason of the negligence, gross negligence, carelessness and recklessness of the Defendant and its employee, agent or servant, the Plaintiff, BARBARA J. BAUMANN, was severely, seriously and permanently injured, bruised and wounded, suffered and will continue to suffer for some time physical pain and injury to her body and mind; further, the plaintiff still suffers and will continue to suffer mental anguish, and became sick, sore, lame and disabled, and has been significantly deprived of the ability to enjoy life.

26.     By reason of the foregoing, the Plaintiff, BARBARA J. BAUMANN, was compelled to and did necessarily require medical aid, medication and attention, and did become liable for medical care received and will incur similar expenses in the future, and will require significant future medical care, medications and medical attention for the remainder of her life.

27.     By reason of the foregoing, the Plaintiff, BARBARA J. BAUMANN, has been unable to attend to her usual and customary activities in the manner required for a considerable period of time.

28.     By reason of the foregoing, the Plaintiff, BARBARA J. BAUMANN, has sustained pecuniary losses and will suffer such losses in the future.

29.     The Plaintiff, BARBARA J. BAUMANN, has no adequate remedy at law and continues to suffer irreparable harm as a result of the Defendant, its employee, agent or servant's conduct, and has been injured and damaged in the amount of $350,000.00.

WHEREFORE, Plaintiff, BARBARA J. BAUMANN, demands judgment against the Defendant as follows:

1.  For compensatory damages in the amount of $350,000.00 to be determined by the Trial Court;

2.   For all taxable costs, disbursements, reasonable attorney's fees, and statutory interest; and

3.  For any other and further relief the Court may deem just and equitable.

**GRUBER LAW OFFICES, LLC**

Dated: April 26, 2021          By:_____  s/  John J. Hansen_____
                                          John J. Hansen, SBN: 1092049
                                          Email: JJH@gruber-law.com

                                          Patricia A. Stone, SBN: 1079285
                                          Email: patriciastone@gruber-law.com

                                          Attorneys for Plaintiff
                                          100 E. Wisconsin Avenue, Suite 2800
                                          Milwaukee, WI 53202
                                          Telephone No. 414.276.6666
                                          Facsimile: 414.977.3831